IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS, | ) No. C 08-2938 JSW (PR) |
| Petitioner, | ) |
| | ) |
| vs. | ) **ORDER DENYING PETITION FOR** |
| | ) **WRIT OF HABEAS CORPUS AND** |
| ROBERT AYERS, JR., Warden, | ) **CERTIFICATE OF APPEALABILITY** |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, a prisoner of the State of California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges the decision by the California Board of Parole Hearings ("Board") to deny him parole in 2007.

Petitioner claims that the denial of parole violated his right to due process because it was not supported by at least "some evidence" of his current dangerousness.  The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination.  *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011).  Specifically, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 4-5.  The parole hearing transcript makes it clear that Petitioner received an opportunity to be heard and a statement of the reasons parole was denied.  The Constitution does not require more.  *Id.* at 5.  The Court

1    explained that no Supreme Court case "supports converting California's 'some evidence'

2    rule into a substantive federal requirement." *Id.*  It is simply irrelevant in federal habeas

3    review "whether California's 'some evidence' rule of judicial review (a procedure beyond

4    what the Constitution demands) was correctly applied." *Id.* at 6.  In light of the Supreme

5    Court's determination that due process does not require that there be any amount of

6    evidence to support the parole denial, the petition for a writ of habeas corpus is

7    DENIED.

8          Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district

9    court to rule on whether a Petitioner is entitled to a certificate of appealability in the

10   same order in which the petition is decided.  Petitioner has failed to make a substantial

11   showing that his claims amounted to a denial of his constitutional rights or demonstrate

12   that a reasonable jurist would find this Court's denial of his claim debatable or wrong.

13   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of

14   appealability is warranted in this case.

15         The Clerk shall enter judgment and close the file.

16         IT IS SO ORDERED.

17   DATED:   FEB 1 7 2011

18                                              JEFFREY S. WHITE
                                                United States District Judge
19

20

21

22

23

24

25

26

27

28                                    2